UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| JAMES AUSTIN JORDAN,  )<br>                                                  )<br>    Plaintiff,                             )<br>                                                  )<br> v.                                             )<br>                                                  )   No. 5:22-cv-00048-GFVT-MAS<br> KIARA HUGHES,                      )<br>                                                  )<br>    Defendant.                          )<br>                                                  )<br>                                                  ) | |

**REPORT & RECOMMENDATION**

Defendant Kiara Hughes ("Hughes") has filed a Motion to Dismiss [DE 18] Plaintiff James Austin Jordan's ("Jordan") Complaint against her based upon Jordan's failure to comply with Joint Local Rule of Civil Practice ("LR") 5.3(e). Namely, Jordan has changed his address without informing the Hughes or the Court of his new address. After a careful review of the record in this matter, the undersigned recommends the Court dismiss this case without prejudice.

### I.   ANALYSIS

Jordan filed this *pro se* action alleging that Hughes, an officer at Fayette County Detention Center, assaulted Jordan "intentionally and maliciously … with a full bag of trash causing injury to [Jordan's] left eye." [DE 1, Page ID# 4]. As part of this filing, Jordan stated that he understood "that [his] failure to keep a current address on file with the Clerk's Office may result in the dismissal of [his] case." [DE 1, Page ID# 11].

After screening the claims, the Court entered an Order permitting Jordan to proceed *in forma pauperis*. [DE 7]. As part of that Order, the Court reiterated that "Jordan must immediately

1

advise the Clerk's Office of any change in his mailing address. If Jordan fails to do so, the Court will dismiss his case." [DE 7, Page ID# 40].

The Court entered another Order on June 17, 2022, [DE 11] but that Order was returned as undeliverable for Jordan [DE 12]. The Court again entered an Order referring this matter to the undersigned on July 6, 2022, [DE 15] and once again the Order was returned indicating Jordan had been released from the custody of the Fayette County Detention Center [DE 17].

LR 5.3(e) provides that a *pro se* litigant must provide written notice of any change of address to the Clerk and to the opposing party. "Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions." Jordan was made aware of this LR when the Clerk provided him with a copy of *Pro Se* Litigant Directions. [DE 3].

The application of LR 5.3(e) to the current matter is simple and straightforward. Since mid-2022, the record demonstrates that Jordan changed his address or, more specifically, was released or transferred from the custody of the Fayette County Detention Center. Since that time, Jordan has taken no actions to pursue this litigation or provide any written notice to the Court, Clerk, or Hughes of his current whereabouts. Jordan has not responded to this motion. Jordan was repeatedly reminded of his obligation to inform the Court of any change of his address and that failure to comply may result in the dismissal of this action.

Based upon the undisputed record, the Court should dismiss this action per LR 5.3(e) considering Jordan's failure to maintain a current address with the Clerk.

## II.   CONCLUSION

For the reasons set forth above, its is **RECOMMENDS** as follows:

1.   The Court **GRANT** Hughes's Motion to Dismiss [DE 18]; and

2.   The Court **DISMISS WITHOUT PREJUDICE** Jordan's Complaint [DE 1].

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b) (1), Fed. R. Civ. P. 72(b), Fed. R. Civ. P. 72(b), and local rule, within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.

Entered this 13th day of March, 2023.

*signature*

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY