UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| JAMES JORDAN, | ) | |
| Plaintiff, | ) ) ) | Civil No. 5:22-cv-00048-GFVT |
| v. | ) ) ) | |
| K HUGHES, *et al.*, | ) ) | **ORDER** |
| Defendants. | ) ) ) | |

*** *** *** ***

This matter is before the Court on a Recommended Disposition filed by United States Magistrate Judge Matthew A. Stinnett. [R. 19.] He recommends denying Defendant Hughes's Motion to Dismiss. [R. 18.] The parties were directed to file objections within fourteen days. [R. 19 at 3.] No objections were filed.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150

(1985). Parties who fail to object to a Magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The Plaintiff did not object to the recommended disposition, but it does not appear that he received it given that the recommendation and all other mail sent to the plaintiff Since June 2022 has been returned undeliverable. [*See* R. 12.] The Plaintiff has not provided an updated address since his release from custody. [R. 18-1 at 2.] His failure to do so is the basis of Judge Stinnett's recommended disposition. [R. 19.] Local Rule 5.3(e) advises that "[f]ailure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions." The Court advised the Plaintiff of this requirement when he filed his complaint. [R. 3 at 2.]

Even if the Plaintiff would have objected to the recommendation, triggering *de novo* review, the Court would agree that dismissal is warranted. As Judge Stinnett explained, applying "LR 5.3(e) to the current matter is simple and straightforward." [R. 19 at 2.] The Plaintiff has made it impossible to communicate with him by failing to update his address. As he was advised, this can result in the dismissal of the action. Further, it appears that the Plaintiff does not intend to pursue this action because he has not taken any action in this matter since June 2022. The Court has examined the record and ultimately agrees with the Magistrate Judge's Recommended Disposition.

Accordingly, the Court hereby **ORDERS** as follows:

    1. Judge Stinnett's Recommended Disposition [R. 19] is **ADOPTED** as and for the opinion of the Court;

    2. The Defendant's Motion to Dismiss [R. 18] is **GRANTED**;

3. This matter is **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b);

4. This matter is **STRICKEN** from the Court's active docket.

This the 14th day of June, 2023.

Gregory F. Van Tatenhove
United States District Judge